UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Michael Fiorito, | File No. 22-cv-3055 (ECT/DTS) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| United States of America, | |
| Defendant. | |

---

Michael Fiorito, *pro se*.

Kristen Elise Rau, United States Attorney's Office, Minneapolis, MN, for Defendant United States of America.

---

*Pro se* Plaintiff Michael Fiorito is serving a 270-month sentence of imprisonment for mail fraud and conspiracy to commit mail fraud. *See USA v. Fiorito*, No. 07-cr-212(1) (PJS/JSM), ECF No. 436. In this case removed from Minnesota state court, Fiorito alleges that Defendant (the "Government") committed medical malpractice, negligence, and other torts by failing to properly treat medical conditions from which Fiorito claims to have suffered while he was incarcerated at the Federal Correctional Institution, Sandstone ("FCI – Sandstone"), in Sandstone, Minnesota. Compl. [ECF No. 1-1] ¶¶ 20, 40. Specifically, Fiorito alleges that the Government refused to provide him with appropriate medical care for his "right great toe & knuckle" and right ankle. *Id.* ¶¶ 17; 23–37. Since February 2022, Fiorito has initiated at least eighteen lawsuits here in the District of Minnesota. *See* ECF No. 20 at 1–2 (listing case names and numbers).

Several motions require adjudication. The Government has filed a "Motion to Screen and Dismiss Pursuant to 28 U.S.C. § 1915 and/or Motion for Summary Judgment Pursuant to Rule 56." ECF No. 18. Fiorito has filed several motions. These include: his "Combined Motion to Compel Production of Documents and His First Objections to Defendants Motion to Dismiss and Memorandum in Support Of" [ECF No. 26]; "Plaintiffs [sic] Motion Objecting That an Expert Affidavit Is Needed in This Case" [ECF No. 34]; and "Plaintiffs [sic] Motion Requesting This Honorable Court Appoint Him Counsel for the Limited Purpose of Addressing the Conflict Between State Law and the Federal Rules of Civil Procedure" [ECF No. 35]. The Government's motion will be granted because there is not subject-matter jurisdiction over this case. Fiorito's motions will be denied as moot.

An individual injured by the negligent acts or omissions of a federal employee acting within the scope of his or her office or employment may only recover for the injuries by bringing a claim against the United States under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2679(b)(1); *Hinsley v. Standing Rock Child Protective Servs.*, 516 F.3d 668, 671–72 (8th Cir. 2008) (citing 28 U.S.C. § 1346(b)). Before filing suit under the FTCA, however, "the [injured] claimant . . . [must] first present[ ] the claim to the appropriate Federal agency" and obtain a "final denial" of that claim by the agency. 28 U.S.C. § 2675(a). This presentment requirement "provides federal agencies a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit." *Mader v. United States*, 654 F.3d 794, 800–01 (8th Cir. 2011) (en banc) (citation omitted). To provide federal agencies with that "fair opportunity," the

2

claimant must give notice of the underlying incident in writing, with sufficient information for the agency to investigate, and indicate the amount of damages sought. *Id.* at 800, 803–04 (citing 28 C.F.R. § 14.2). Presentment must occur "within two years after such claim accrues." 28 U.S.C. § 2401(b). An FTCA plaintiff bears the burden of pleading and proving complete exhaustion of administrative remedies; without exhaustion according to these requirements, a federal court lacks subject-matter jurisdiction to consider the claim. *McNeil v. United States*, 508 U.S. 106, 112 (1993) ("The most natural reading of [§ 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."); *Barber v. Simpson*, 94 F.3d 648, at *2 (8th Cir. 1996) (per curiam) (citations omitted) (unpublished table decision) (reaffirming that FTCA presentment requirement is jurisdictional); *Bryant v. Dep't of Army*, 553 F. Supp. 2d 1098, 1104 (D. Minn. 2008) ("Presentment of an administrative claim [under the FTCA] is jurisdictional. . . . The plaintiff has the burden of pleading and proving that he has satisfied the presentment requirement." (citing *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993))).

Fiorito does not allege exhaustion in his Complaint or indicate that he fulfilled the presentment requirement. *See generally* Compl. Fiorito alleges only that he "notified staff about the pain and inability to sometimes walk ove[r] 2 dozen times" via "electronic emails, paper inmate request forms, and in-person please [sic] for help." Compl. ¶¶ 18, 33. Communications alerting prison staff to the need for medical treatment are not the same thing as presentment of a claim arising from the provision of allegedly tortious treatment (or non-treatment). The communications Fiorito alleges do not meet the presentment

3

requirement. *See A.M.L., by & through Losie v. United States*, 61 F.4th 561, 564 (8th Cir. 2023). Fiorito's failure to plead factual allegations plausibly showing presentment is enough to justify dismissal. There is more. Though it was not its burden, the Government submitted evidence in support of its motion confirming that Fiorito presented no administrative claim regarding his right toe. A paralegal specialist employed by the U.S. Department of Justice testified that she searched a Bureau of Prisons (or "BOP") database into which "[a]ll administrative tort claims submitted and received by the BOP are entered" and found 33 claims filed by Fiorito. ECF No. 22 ¶¶ 4–5. Fourteen of these claims related in whole or in part to FCI Sandstone, but none of those claims were based on right toe pain or right toe medical treatment. *Id.* ¶¶ 6–7. Fiorito's Complaint will be dismissed for lack of subject-matter jurisdiction.[1]

Fiorito has a fallback. He argues that he should have an opportunity in this case to pursue discovery to establish subject-matter jurisdiction. ECF No. 26 ¶¶ 7–8, 11. The problem with this request is that evidence establishing the jurisdictional prerequisite—the presentment of a claim—is something Fiorito already should have. This is not a situation where a plaintiff lacks access to information that may be probative of subject-matter

---

[1] The Government advances an alternative ground for dismissal—that Fiorito did not comply with Minnesota's requirement that a person claiming medical malpractice submit an affidavit showing that a medical expert reviewed the facts of the case and corroborated the complaint's allegations. Minn. Stat. § 145.682. Though compliance with the statute's requirements is a question of law for the court to determine, *Sorenson v. St. Paul Ramsey Med. Ctr.*, 444 N.W.2d 848, 851–52 (Minn. Ct. App. 1989); *Tousignant v. St. Louis Cnty.*, 615 N.W.2d 53, 58 (Minn. 2000); *Lake Superior Ctr. Auth. v. Hammel, Green & Abrahamson, Inc.*, 715 N.W.2d 458, 468 (Minn. Ct. App. 2006), the absence of subject-matter jurisdiction makes that determination unnecessary here.

jurisdiction. If Fiorito complied with the presentment requirement, he should be able at least to allege facts describing his compliance.[2] Given the jurisdiction-based dismissal of his Complaint, Fiorito's motions will be denied as moot.

The Government seeks imposition of a filing restriction that would prohibit Fiorito from "initiat[ing] matters in the District of Minnesota, or matters removed thereto, only with the prior express written permission of the Chief Judge of the U.S. District for the District of Minnesota." ECF No. 20 at 12–13. The Government also asks that this restriction include the condition that "[a]ny action initiated in, filed in, or removed to the District of Minnesota without such prior express written permission would be subject to immediate closure by the Clerk and dismissal without prejudice by the Court." *Id.* at 13. This request will be denied because granting it would be duplicative of a restriction Chief Judge Schiltz ordered on April 12, 2023, following the commencement and removal of this case. *See Fiorito v. Southwick*, No. 22-cv-2128 (PJS/TNL), ECF No. 48. That restriction reads:

> All future litigation commenced by Fiorito in this District, or commenced by Fiorito in state court and thereafter removed to this District, is subject to the following restrictions: a. The litigation will be stayed automatically upon filing or upon removal for review pursuant to 28 U.S.C. § 1915A. All deadlines established by the Federal Rules of Civil Procedure will be tolled for the duration of that stay. The Clerk of Court is directed to return *without filing* any documents filed by Fiorito during the pendency of the stay. b. At the time that he commences a lawsuit to which 42 U.S.C. § 1997e(a) applies, Fiorito must establish a prima facie case either that he has

---

[2] Fiorito's abuse-of-process claim is separately subject to dismissal because the Government has not waived its sovereign immunity with respect to such claims. 18 U.S.C. § 2680(h).

5

exhausted administrative remedies for his claims or that administrative remedies were unavailable for those claims. Fiorito may establish a prima facie case either by pleading specific facts in his complaint or by attaching documentary evidence to that complaint. Failure to establish the required prima facie case upon filing or removal is grounds for administrative termination of the proceeding by the district judge assigned to that proceeding. c. The stay that will apply to any litigation commenced by Fiorito will automatically terminate upon dismissal of the action; upon issuance of a Report and Recommendation pursuant to Rule 72(b)(1) of the Federal Rules of Civil Procedure; or upon an order of the Court directing defendants to file an answer or otherwise respond to Fiorito's pleading.

Because Fiorito is already subject to a filing restriction, the Government's request will be denied as moot.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant's Motion to Screen and Dismiss Pursuant to 28 U.S.C. § 1915 and/or Motion for Summary Judgment Pursuant to Rule 56 [ECF No. 18] is **GRANTED**.

2. The Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

3. Fiorito's Combined Motion to Compel Production of Documents and His First Objections to Defendants Motion to Dismiss and Memorandum in Support Of [ECF No. 26]; Motion Objecting That an Expert Affidavit Is Needed in This Case [ECF No. 34]; and Motion Requesting This Honorable Court Appoint Him Counsel for the Limited

Purpose of Addressing the Conflict Between State Law and the Federal Rules of Civil Procedure [ECF No. 35] are **DENIED as moot**.

4. The Government's request for a filing restriction is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  June 8, 2023            s/ Eric C. Tostrud
                                         Eric C. Tostrud
                                         United States District Court