UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Michael Fiorito, | File No. 22-cv-3055 (ECT/DTS) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| United States of America, | |
| Defendant. | |

---

Michael Fiorito, *pro se*.

Kristen Elise Rau, United States Attorney's Office, Minneapolis, MN, for Defendant United States of America.

---

On June 8, 2023, this action was dismissed without prejudice based on pro se Plaintiff Michael Fiorito's failure to exhaust his administrative remedies. ECF No. 39. Without seeking permission, as required by D. Minn. L.R. 7.1(j), Fiorito filed a "Motion Seeking Reconsideration Under Rule 59(e) or In the Alternate Rule 60(b) to Serve the Interests of Justice." ECF No. 42. Fiorito's motion will be construed as a request for leave to file a motion for reconsideration. D. Minn. L.R. 7.1(j) requires a party to show "compelling circumstances" to obtain permission to file such a motion. There are no "compelling circumstances" that warrant reconsideration of the June 8 Order. Accordingly, Fiorito's motion will be denied. He also filed a "Motion Requesting Court Take Judicial Notice," ECF No. 45, and that motion will be denied as moot.

Fiorito raises two primary issues with the June 8 Order.  First, Fiorito argues that it was not his burden to plead exhaustion.  He is wrong.  Depending on the claim asserted, a plaintiff's failure to exhaust administrative remedies may establish either a bar to federal-court jurisdiction or an affirmative defense.  If it is the former, then the plaintiff bears the burden to plead and prove exhaustion; if the latter, the defendant bears that burden.[1]  *McNeil v. United States*, 508 U.S. 106, 112 (1993).  The Eighth Circuit has made clear that a failure to exhaust administrative remedies with respect to claims brought under the FTCA is jurisdictional.  *Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011).  Here, Fiorito failed to plead that he exhausted administrative remedies with respect to his FTCA claims, therefore they were dismissed for lack of subject-matter jurisdiction.

Second, he argues he did exhaust his administrative remedies.[2]  He asserts that the Government lied about the administrative claims and that he could have proven exhaustion if he would have been granted discovery.  ECF Nos. 42, 45.  In support, Fiorito submitted several exhibits, two of which are Bureau of Prisons ("BOP") administrative claim forms titled, "Small Claims for Property Damage or Loss (31 U.S.C. § 3723)" and labeled "BP-A0943."  ECF Nos. 43 at 8, 46 at 2.  The first form is dated February 1, 2022, and includes Fiorito's complaints of medical malpractice, intentional infliction of emotional distress, negligence, and abuse of process for lack of medical treatment to his right great toe.  ECF

---

[1] Fiorito bases much of his Motion for Reconsideration on *Jones v. Bock*, 549 U.S. 199 (2007).  That case is inapplicable here because it concerns the Prison Litigation Reform Act (PLRA), not the Federal Tort Claims Act (FTCA).

[2] Fiorito does not argue that he *pleaded* exhaustion, just that he did exhaust his administrative remedies.

No. 43 at 8. The second form is dated April 28, 2022, and was originally filed as an exhibit by the Government in a different case Fiorito brought against government employees. No. 22-cv-923 (PJS/TNL), ECF No. 34-11 at 40.[3] In this case, Fiorito filed the form as an exhibit to his "Motion Requesting Court Take Judicial Notice." ECF Nos. 45–46. He claims medical staff at FCI Sandstone failed to provide adequate medical attention to his right ankle, which constituted medical malpractice, negligence, breach of duty, abuse of process, and intentional and negligent infliction of emotional distress. ECF No. 46 at 2.

The problem with these submissions is that they were available to Fiorito at the time he filed his Complaint, yet he did not reference them or plead facts related to them in any way. *See United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) ("A motion for reconsideration should not be used as a vehicle to present evidence that was available when the matter was initially adjudicated."). Even if the submissions were included in his Complaint, they still do not show that his claims were fully exhausted. It is not enough that he filed a claim with the BOP. To fulfill the exhaustion requirement, the claim must also have been adjudicated and final. 28 U.S.C. § 2675(a) ("An action shall not be

---

[3] As a note, a review of this exhibit puts the authenticity of the February 1, 2022, form in question. In case No. 22-cv-923, the Government submitted an exhibit containing all of Fiorito's administrative remedy claims as of August 31, 2022, which included 22 in-total and 13 relating to his confinement at FCI Sandstone. No. 22-cv-923, ECF No. 34 ¶¶ 34–35. The February 1, 2022, claim alleged in this case was not among the 13 claims. Further suspicion relates to the document referred to as "Attachment C," ECF No. 43 at 9, which Fiorito claims is a copy of the receipt of the February 1, 2022, tort claim. But that exact document was filed at No. 22-cv-923, ECF No. 34-11 at 14 and was a receipt to a different tort claim about Fiorito's left hip pain, *see id.* at 11–14. He alleges that he just now has access to the claim documents because on June 20, 2023, staff at FCI Herlong gave him an envelope that contained his personal legal papers. ECF No. 42 ¶¶ 8–9. These discrepancies cast doubt on the legitimacy of the February 1, 2022, tort claim submission.

instituted upon a claim . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ."). There is no question that Fiorito failed to plead exhaustion—he made no mention of any final denial of his claims by the BOP. "Because presentment is a jurisdictional prerequisite to suit under the FTCA, and jurisdiction is a threshold issue for the district court to decide, the district court may appropriately resolve legal and factual questions determinative of jurisdiction and may dismiss the case under Federal Rule of Civil Procedure 12(b)(1) if the FTCA requirements are not met." *Daniels v. United States*, 135 F. App'x 900, 901 (8th Cir. 2005). That is what occurred here, and there are no "compelling circumstances" that warrant reconsideration.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff's Motion Seeking Reconsideration Under Rule 59(e) or In the Alternate Rule 60(b) to Serve the Interests of Justice [ECF No. 42], construed as a request for leave to file a motion to reconsider, is **DENIED**;

2. Plaintiff's Motion Requesting Court Take Judicial Notice [ECF No. 45] is **DENIED as moot**.

Date: August 10, 2023                                  s/ Eric C. Tostrud
                                                       Eric C. Tostrud
                                                       United States District Court